UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMARA LEE WOOD,

    Plaintiff,

v.     Case No: 2:15-cv-437-FtM-99CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #24), filed on August 2, 2016, recommending that the Decision of the Commissioner be reversed and remanded with instructions to the Commissioner. The Commissioner filed an Objection to the Report and Recommendation (Doc. #25) on August 12, 2016. Plaintiff did not file a response, and the time to respond has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of SSA, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

### *Magistrate Judge Findings*

The Magistrate Judge noted that the ALJ found that Dr. Linguar's conclusions were inconsistent with his own treatment records, but the ALJ did not state that the records were inconsistent with those of other medical sources. The Magistrate Judge found that the ALJ failed to articulate "with sufficient

clarity and specificity for the Court to determine that the decision is rational and supported by substantial evidence." (Doc. #24, p. 20.) As a result, plaintiff's RFC was not found be supported by substantial evidence.

The Magistrate Judge further found that the ALJ's decision to accord great weight to Dr. Blum's findings, without also discussing the impact of later evidence on Dr. Blum's findings (whether supportive or contradictory) and also without indicating why the treating physician was not given controlling weight, was unsupported by substantial evidence.

Third, the Magistrate Judge found that the ALJ improperly discounted the weight of Dr. McAndrew's opinion partly based on plaintiff's lack of treatment without stating whether the ALJ considered plaintiff's record evidence of an inability to pay as an excuse for noncompliance. The Magistrate Judge also found that the ALJ's RFC finding was unsupported by substantial evidence because there was no explanation as to why plaintiff's presentation at the examination caused the ALJ to reduce the weight allotted Dr. McAndrew.

The Magistrate Judge further found that on remand the ALJ should be required to state with specificity whether plaintiff is able to perform simple, repetitive tasks, and to also reconsider

plaintiff's credibility. As a result of finding that the RFC was unsupported by substantial evidence, the Magistrate Judge found that a new hypothetical question must be posed to the vocational expert that includes all of plaintiff's limitations.

*Objections of Commissioner*

The Commissioner argues that remand is not required for the ALJ to fully explain the weight given to the treating physician, Dr. Lingaur. The Commissioner argues that it is sufficiently clear that the July 25, 2012 treatment notes were considered in discounting the opinion of Dr. Lingaur. (Doc. #25, p. 3.) The same arguments were raised before the Magistrate Judge. (Doc. #24, pp. 17-18.) The ALJ acknowledged the July 25, 2012 visit, including that Dr. Lingaur's inspection showed plaintiff's abdomen was normal. (Doc. #16-2, Tr. 15.) The ALJ summarized Dr. Lingaur's opinion that plaintiff was unable to work but gave it little weight, "as it is not consistent with relatively benign treatment records." (Id., Tr. 17.) It is unclear how the ALJ reached this conclusion, or how Dr. Linguar's opinion was inconsistent with his treatment records. The Commissioner provides a summary of inconsistencies in its Memorandum in Support of the Commissioner's Decision, Doc. #23, pp. 7-8, but the Court cannot determine if the ALJ's good cause finding to not grant Dr.

Linguar substantial or considerable weight was in any way based on these inconsistencies because the ALJ did not list them.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (reasons for disregarding a treating physician's opinion must be clearly articulated).  See also Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 896 (11th Cir. 2010) (the Court may not consider "*post hoc* rationalizations for agency actions"); Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.").  As the Court cannot reweigh the evidence, the objection will be overruled.

The Commissioner argues that the ALJ explained the weight given to Dr. Blum, and that the ALJ explained why the later evidence was consistent with Dr. Blum's opinion.  The ALJ considered the opinion of Dr. Blum, and stated: "I give Dr. Blum's opinion great weight, as he was able to review the entire record available to him at the time and it is consistent with the finding of full strength and reflexes."  (Doc. #16-2, Tr. 17.)  The ALJ considered evidence post-Dr. Blum's opinion, and the Court agrees with the Magistrate Judge that the ALJ considered the entire record.  (Doc. #24, p. 23.)  In considering the Commissioner's arguments, the Magistrate Judge found Russell persuasive and

Cooper distinguishable. (Id.) In Cooper, the ALJ determined that plaintiff was actually more limited than what the opinion of the non-examining doctor concluded, and therefore the court found that the ALJ did not give undue weight to the opinion of the non-examining doctor. The court further found that any undue reliance on the non-doctor decision maker was harmless because the ALJ had access to the entire record and claimant Cooper's testimony in making the ultimate determination. Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 807 (11th Cir. 2013). In Russell, the ALJ relied solely on a state agency doctor's opinion rendered nearly 3 years before the ALJ's decision. The court found that the ALJ erred by not explaining why the later 3 years of evidence were irrelevant to, or consistent with, that opinion. Russell v. Astrue, 742 F. Supp. 2d 1355, 1378 (N.D. Ga. 2010). There is no dispute that the record was fully reviewed, however the ALJ must still articulate specific reasons for the decision and those reasons must be supported by sufficient evidence to support the conclusion. See, e.g., Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (The "evidence that must do more than create a suspicion of the existence of the fact to be established, [ ] and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." (citation omitted)); Moore v. Barnhart, 405 F.3d

1208, 1211 (11th Cir. 2005) (same).  The Court agrees that ALJ failed to articulate how the later evidence in the record supported Dr. Blum's opinion.  Therefore, the objection is overruled.

The Commissioner argues that the Magistrate Judge cited several cases about evaluating credibility and noncompliance due to inability to pay, but that those cases are irrelevant to the ultimate issue of whether ALJ properly evaluated Dr. McAndrew's opinion.  The objection will be overruled.  The ALJ gave the opinion moderate weight and then rejected the opinions finding that plaintiff was not "limited to this extent based on a lack of mental health treatment and her presentation at the consultative examination."  (Doc. #16-2, Tr. 18.)  The ALJ made her own negative inference without considering good cause explanations, or articulating the weight given to the negative inference.  This requires a remand for further consideration.  <u>Henry v. Comm'r of Soc. Sec.</u>, 802 F.3d 1264, 1268 (11th Cir. 2015).

After an independent review and as discussed above, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #24) is **accepted and adopted** by the Court.

2.  The Commissioner's Objection (Doc. #25) is **OVERRULED**.

3.  The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can: (a) sufficiently explain the weight accorded to each of the medical providers and non-examining consultants; (b) reevaluate Plaintiff's credibility; (c) pose a new hypothetical to a VE consistent with the RFC findings; and (d) make any further determinations consistent with this Report and Recommendation, or in the interest of justice.

4.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record