UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMARA LEE WOOD,

    Plaintiff,

v.                        Case No: 2:15-cv-437-FtM-29CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412 (Doc. #30) filed on November 28, 2016. The Commissioner filed an Opposition to Plaintiff's Motion (Doc. #31) on December 9, 2016. With leave of Court, plaintiff filed a Reply (Doc. #34) on December 16, 2016. Plaintiff seeks attorney's fees in the amount of $3,822.45 under the authority of 28 U.S.C. § 2412.

"[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990).

**A. Prevailing Status**

Plaintiff initiated her Complaint (Doc. #1) on May 18, 2015, in the Western District of Michigan (Southern Division) through Michigan counsel, Mr. Paul J. Whiting, III. Upon motion by the Commissioner, the case was transferred to the Middle District of Florida as plaintiff resides in Charlotte County, Florida. (Docs. ## 5-6.) On November 30, 2015, attorney Suzanne Lynn Harris entered an appearance on behalf of plaintiff as new counsel of record. (Doc. #19.)

On September 15, 2016, the Court issued an Opinion and Order (Doc. #26) overruling the objection of the Commissioner, and adopting the Report and Recommendation (Doc. #24) of the Magistrate Judge. The Decision of the Commissioner of Social Security was reversed and the matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Judgment (Doc. #27) was issued on September 19, 2016. The Court finds that plaintiff was the prevailing party in this litigation, that the motion was timely filed, and that the Commissioner's position was not substantially justified.

The Court further finds that plaintiff's net worth was less than two million dollars at all relevant times. (Doc. #30-10.) The Commissioner does not object to plaintiff's prevailing party status, or financial eligibility. Further, the Court finds no special circumstances warranting a denial of the fee application.

**B. Amount of Attorney's Fees**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

The Commissioner opposes the motion for three reasons, arguing: (1) that a paralegal hourly rate should be applied for hours expended by attorney Alyssa Van Auken prior to her *pro hac*

*vice* admission to practice before the Middle District of Florida was granted; (2) that clerical tasks are included, and should not be compensated at the requested paralegal rate; and (3) that the number of hours requested to prepare the EAJA petition for fees are excessive.

**1. Attorney Van Auken's Admission to Practice**

On November 14, 2016, attorney Alyssa Van Auken filed a motion to appear *pro hac vice*, and the motion was granted the next day. (Docs. ## 28-29.) Attorney Alyssa Van Auken electronically filed the motion seeking attorney fees. The Commissioner opposes the attorney hourly rate for work performed by attorney Alyssa Van Auken because she was not a member of the Middle District Bar during the time period when the work was actually performed (August 17, 2016 through November 15, 2016), and attorney Van Auken did not apply for *pro hac vice* admission until November 14, 2016. Plaintiff argues that compensation for attorney Van Auken "at a paralegal rate after she has undergone the procedure and cost of being admitted *pro hac vice*, at any point in the case, is against the interest of justice and discouraging to out-of-state attorneys to seek even *pro hac admission* to this Court in order to represent claimants." (Doc. #34, p. 2.)

Under Local Rule 2.02, "[a]ny attorney who is not a resident of Florida but who is a member in good standing of the bar of any District Court of the United States; outside Florida; may appear

specially as counsel of record; without formal or general admission; provided, however, such privilege is not abused by appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida. . . ." M.D. Fla. R. 2.02(a). "A district court may adopt local rules governing its practice, provided they are consistent with federal law and the federal rules of procedure, evidence, and bankruptcy." Zech v. Comm'r of Soc. Sec., ___ F. App'x ___, No. 16-11292, 2017 WL 711015, at *1 (11th Cir. Feb. 23, 2017) (citing Fed. R. Civ. P. 83(a)). The Eleventh Circuit has found that it is not an abuse of discretion to deny or strike a fee application by counsel who *files* without admission under the district court's Local Rules. Abdelgalel v. U.S. Atty. Gen., 443 F. App'x 458 (11th Cir. 2011).

The Court is not persuaded by plaintiff's argument that out-of-state counsel would be discouraged from appearing. Rather, the Court agrees with the sound reasoning in Flournah that denying fees "incentivizes attorneys to comply with Rule 2.02 at the time they work on a case, rather than apply[ing] the wait-and-see approach" for a favorable judgment." Flournah v. Comm'r of Soc. Sec., 2:15-cv-234-FTM-DNF, Doc. #32, p. 4 (M.D. Fla. Feb. 27, 2017). The Court will deny attorney Van Auken fees at the requested attorney rate, but will allow compensation at a paralegal rate for hours reasonably expended in this case, consistent with

other cases applying a paralegal rate in cases where admission was never sought.[1]

**2. Clerical Tasks**

The Commissioner argues that certain tasks performed by the paralegals are clerical in nature, and therefore the following hours should not be awarded:

| 11/30/2015 | Federal Court forms packet prepared for Client completion, mailed via USPS | 0.6 hours | Persse, Shannon |
| --- | --- | --- | --- |
| 11/30/2015 | FDC prospect packet returned via Right Signature/Reviewed for completion | 0.3 hours | Smith, Michael P. |
| 12/15/2015 | Download, File and Save Transcript. OCR and live bookmark | 0.5 hours | Smith Michael P. |

(Doc. #31, p. 6.) Although the Court finds that plaintiff took every effort to not charge for many of the clerical entries, the Court rejects plaintiff's reasoning that the "technical skill" required to complete these specific tasks requires an attorney or paralegal's time. These 1.4 hours will be eliminated. The Court will also reduce the 1.2 hours on November 15, 2016, for Shannon Persse to "Ready EAJA Narrative, Time Slips, Exhibits,

---

[1] See Wylie v. Comm'r of Soc. Sec., 6:16-cv-819-Orl-DCI, Doc. #29, p. 6 (M.D. Fla. May 11, 2017); Bumgardner v. Colvin, 6:12-cv-18-Orl-31TBS, Doc. #32, p. 6 (M.D. Fla. Oct. 2, 2014); Riggins v. Astrue, Case No. 3:09-cv-856-J-TEM, 2011 WL 2119338 (M.D. Fla. May 27, 2011).

Certificate. File Per Local Rule" to 0.8 hours as the Court finds that the entry includes clerical tasks.

### 3. Excessive Hours

The Commissioner argues that the number of hours expended to prepare and review the EAJA motion for fees is excessive, and that the requested 3.6 hours to prepare and review the motion should be reduced to a total of 2 paralegal hours. The Court finds that 3.6 hours is not an unreasonable amount of hours, and the Court will allow the hours, except as to the clerical hours reduced above.

### 4. Total Fees

Plaintiff seeks a rate of $75.00 an hour for counsel acting as paralegals[2] and for paralegals. As $75.00 is the normal reasonable rate in the Division for paralegals, the Court will apply it to work performed by the paralegals, and attorney Van Auken for the reasons stated above. The rate of $189.30 for attorney Suzanne Harris is also reasonable, and the Commissioner does not contest the attorney fee rate. The Court will apply this rate.

---

[2] Plaintiff indicated that the paralegal rate was being sought until <u>Zech</u> was decided. On February 23, 2017, the Eleventh Circuit affirmed the district court's decision to compensate attorneys at a paralegal hourly rate. <u>See</u> <u>Zech v. Comm'r of Soc. Sec.</u>, ___ F. App'x ___, 2017 WL 711015 (11th Cir. Feb. 23, 2017).

Plaintiff seeks a total of $3,822.45, which amount will be reduced as to attorney Van Auken's rate, and to eliminate the clerical tasks discussed above. Fees will be granted as follows:

| Attorney/Paralegal | Hourly Rate | Hours | TOTAL |
|---|---|---|---|
| Suzanne Harris | $189.30 | 7.00 | $1,325.10 |
| Alyssa Van Auken | $ 75.00 | 2.00 | $ 150.00 |
| Mike S. Korby | $ 75.00 | 7.55 | $ 566.25 |
| Shekeba Morrad | $ 75.00 | 13.60 | $1,020.00 |
| Shannon Persse | $ 75.00 | 2.6 | $ 195.00 |
| Michelle Callahan | $ 75.00 | 2.10 | $ 157.50 |
| Michael Smith | $ 75.00 | 0.6 | $ 45.00 |
| TOTAL | | 35.45 | $3,458.85 |

**C. Waiver of Direct Payment**

Counsel for plaintiff has attached an Affirmation and Waiver of Direct Payment of EAJA Fees (Doc. #30-10) executed by plaintiff and providing for payment directly to counsel. In <u>Astrue v. Ratliff</u>, 560 U.S. 586, 594 (2010), the United States Supreme Court affirmed the line of cases finding that EAJA fees are payable to litigants, not counsel, and therefore are subject to offset where a litigant has outstanding federal debts. The Court will accept the waiver of direct payment subject to the United States Department of Treasury's determination that no federal debt is owed.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412 (Doc. #30) is **GRANTED in part.**

2. Attorney fees in the amount of $3,458.85 are hereby awarded to plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

3. The Clerk shall enter judgment accordingly.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record