UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMARA LEE WOOD,

    Plaintiff,

v.                               Case No: 2:15-cv-437-FtM-29CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## **ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act Section 206(b)(1) (Doc. #36) filed on April 11, 2018. Defendant filed a Response (Doc. #37) indicating no opposition to an award, if found reasonable, provided that plaintiff is reimbursed for the amount awarded by Opinion and Order (Doc. #35) on May 26, 2017.

On September 15, 2016, the Court adopted the Magistrate Judge's Report and Recommendation, and reversed and remanded the Decision of the Commissioner for further proceedings. (Doc. #26.) Judgment (Doc. #27) was entered and the case was closed. On May 26, 2017, the Court granted plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412 (Doc. #30), and awarded $3,458.85 in attorney fees. (Doc. #35.) A Judgment was directed, but not issued.

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). Therefore, plaintiff is permitted to return to the Court and seek fees not exceeding 25 percent of past-due benefits awarded. The fees, however, must still be reasonable and may be offset against a previous award. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268 (11th Cir. 2010). An attorney may choose to deduct an earlier EAJA award from a subsequent 406(b) award. Green v. Comm'r of Soc. Sec., 390 F. App'x 873, 874 (11th Cir. 2010). In this case, counsel suggest that a refund is appropriate.

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff seeks attorney's fees in the amount of $15,537.75, which represents 25% of plaintiff's past due Social Security disability benefits, while recognizing that the amount would be offset by the previous reward. Plaintiff entered into a Fee Agreement (Doc. #36-2, Exh. A) with counsel regarding the remaining balance of 25% of past-due benefits. The Social Security Administration is currently withholding the $15,537.75 in anticipation of payment of an authorized attorney's fee. (Doc. #36-3, Exh. B.) Plaintiff's

attorneys and paralegals logged 37.25 hours. Counsel did not unreasonably delay proceedings, and the Court finds that the hours expended are reasonable. The motion will be granted as provided below.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act Section 206(b)(1) (Doc. #36) is **GRANTED** and the Court awards plaintiff's counsel $15,537.75 in attorney's fees pursuant to 42 U.S.C. § 406(b).

2. Counsel shall forthwith refund to plaintiff the previously awarded amount of $3,458.85.

3. The Clerk shall enter an amended judgment awarding $15,537.75 to plaintiff's counsel for attorney's fees with plaintiff's counsel refunding to plaintiff the previous award of $3,458.85.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record